## SUPREME COURT.

### THE PEOPLE agt. BARON.

Where the printed cases, or error books, do not show a return made by the clerk below, the appellate court have no authority to hear the argument.
Where irregularities in settling a bill of exceptions are complained of in the appellate court, they will stay proceedings for an application to be made in the court below (where it properly belongs) for correction.

*Monroe General Term, September* 1850—*Before* WELLES, P. J. and SELDEN and JOHNSON, *Justices.* Motion to set aside proceedings subsequent to settlement of bill of exceptions.

The defendant's counsel also moves to bring on the argument of the writ of error, and presents the printed cases or error books for that purpose.

S. V. R. MALLORY, *Dist. Att'y Ontario co. for the People.*

A. WORDEN, and E. G. LAPHAM, *for the Defendant.*

By the Court, WELLES, P. Justice.—The error book does not show that the clerk of Ontario county has ever made a return to the writ of error. This court is not, therefore, officially informed that such return has been made, and until that is done we can not hear the argument; we have nothing upon which to affirm or reverse the judgment in the court below.

There are various irregularities in obtaining the signatures of the justices in the court of sessions to the bill of exceptions, and in making up the record, complained of on the part of the defendants in error.

These we can not listen to for the purpose of making any other order than to stay proceedings here to allow the district attorney to move in the court below to have them corrected. That court has the exclusive power in those respects, and the only way in which we can interfere is by mandamus to set them in motion, on a proper state of facts appearing. For that purpose it should be shown that the court below refuse to act in reference to the matters complained of, which is not shown here.

7

I think, therefore, the cause should be stricken from the calendar, and proceedings stayed until the next term of the court of sessions of the county of Ontario, to the end that the district attorney may then apply in that court for such relief in relation to the supposed irregularities as he may be advised.   Ordered accordingly.